Robert Leon JENKINS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 10–09–00233–CR, 10–09–00248–CR.

Court of Appeals of Texas,
Waco.

May 12, 2010.

Clint F. Sare, Bryan, for Appellant.

Bill R. Turner, Brazos County Dist. Atty., Bryan, for Appellee.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

### ORDER

PER CURIAM.

Robert Leon Jenkins was convicted of the offenses of forgery and failure to identify. TEX. PENAL CODE ANN. §§ 32.21; 38.02 (Vernon Supp. 2009). He appealed both convictions. Counsel for Jenkins filed an *Anders* brief in each appeal. *See*

*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Initially we note that counsel admitted in his *Anders* brief that he has not reviewed the entire record in these appeals because the reporter's record (one record for both convictions) is incomplete. Apparently, exhibits which were introduced into evidence at trial have not been made a part of the reporter's record. Reviewing the entire record is a basic premise of the *Anders*-type procedure. We must be satisfied that counsel has reviewed the entire record for any arguable claim that might support Jenkins' appeals. *McCoy v. Court of Appeals,* 486 U.S. 429, 442, 108 S.Ct. 1895, 1903–04, 100 L.Ed.2d 440 (1988). When the record is incomplete, counsel could not have reviewed the entire record. For this same reason, counsel was granted a thirty day extension to file his brief. Rather than notifying us in another motion for an extension of time that his request for a supplemental reporter's record has not been fulfilled, counsel simply filed his *Anders* brief.

Accordingly, the Court makes the following orders.

### BRIEF STRICKEN

Counsel's *Anders* brief is ORDERED stricken. All briefing deadlines are suspended, including the deadline for Jenkins's pro se response, until the matter with the supplemental reporter's record is resolved.

### RECORD DUE

It is the joint responsibility of this Court and the trial court to ensure that the appellate record is timely filed. TEX.R.APP. P. 35.3(c). Further, this Court may enter any order necessary to ensure the timely filing of the appellate record. *Id.* Accordingly, the supplemental reporter's record is ORDERED to be filed no later than 7 days from the date of this order.

Failure to file the reporter's record as herein ordered will result in an abatement order for the trial court, the Honorable Steve Smith of the 361st District Court, to determine, working with the official reporter, Felix Thompson, a date certain by which the supplemental reporter's record will be filed.